UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARCIA LANING,

    Plaintiff,                                  Case No. 3:15-cv-75

vs.

COMMISSIONER OF                    District Judge Thomas M. Rose
SOCIAL SECURITY,                   Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 1) BE DENIED; AND (2) PLAINTIFF BE ORDERED TO PAY THE REQUIRED FILING FEE**

This case is before the Court on Plaintiff's motion to proceed *in forma pauperis*. Doc. 1. In support of her Motion, Plaintiff presents an affidavit stating that she is employed seasonally four months of the year, during which time she makes $2,125. *Id*. at PageID 2. In support of her motion, Plaintiff advises the Court, under penalty of perjury, that her monthly income exceeds $2,500.00, she has $1,000 in cash on hand, and that she owns four separate parcels of real estate valued in excess of $450,000. *Id*. at PageID 2-3.

Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350." However, "[t]o ensure access to the courts," indigent persons may "avoid payment of filing fees by filing an *in forma pauperis* affidavit." *Johnson v. Cargill, Inc.*, No. 08-2052-B/V, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008); 28 U.S.C. 1915(a). Upon the filing of an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

application to proceed *in forma pauperis*, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Id*.

Here, while Plaintiff need not show that she is penniless to proceed *in forma pauperis*, she fails to show that paying the required fee would amount to a serious financial hardship. Thus, Plaintiff fails satisfy her burden of demonstrating an inability to pay.

Accordingly, based upon the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* (doc. 1) be **DENIED WITHOUT PREJUDICE**. If Plaintiff feels additional information not elicited in the form affidavit would further support her motion, she may file another application. Otherwise, the undersigned **RECOMMENDS** that Plaintiff be **ORDERED** to pay the required civil filing fee.

Date:   February 26, 2015                              *s/ Michael J. Newman*
                                                       Michael J. Newman
                                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).